## William Corbett, Trading as The Chicago Building Materials Company, Defendant in Error, v. United States Metal & Manufacturing Company, Plaintiff in Error.

### Gen. No. 17,754.

MUNICIPAL COURT—*affidavit of defense.* In an action in the Municipal Court for money alleged to be due for a carload of "structural steel scrap," where it is not claimed in the affidavit of merits that the contract was for anything other than such scrap, defendant cannot contend that he bought "shearings" and not the scrap.

Error to the Municipal Court of Chicago; the HON. ROBERT H. SCOTT, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1911. Affirmed. Opinion filed June 24, 1913.

LEMAN & RIGBY, for plaintiff in error.

JOHN S. HUMMER, for defendant in error.

MR. JUSTICE CLARK delivered the opinion of the court.

The statement of claim in this case sets forth the alleged right of the plaintiff to recover for money due and owing to the plaintiff from the defendant for one carload of "structural steel scrap" sold and delivered on December 19, 1910. The affidavit of merits sets up

as a defense that the "structural steel scrap" which the plaintiff undertook to sell and deliver on the day aforesaid was not of the quality or condition contracted for by the defendant with the plaintiff, and that by reason thereof the defendant refused to accept the same.

It seems from the record that the plaintiff was the owner of a quantity of "structural punchings" and "structural steel scrap" which were located at the plant of the George W. Jackson Company. Negotiations were had between the parties which resulted in the defendant writing to the plaintiff on December 9, 1910, the following letter:

"This will confirm purchase from you of one carload of structural punchings at $12.50 net ton, and 2 carloads of structural steel scrap at $12.25 gross ton, less 50c per ton commission to us, f. o. b. cars The Geo. W. Jackson plant.

"Kindly arrange to have the cars weighed and set in, and advise us when you are ready to load."

Two cars were taken and paid for. The car in question was loaded and was billed by the Jackson Company to the defendant at North avenue station of the Chicago & Northwestern Railway Company. It remained there a few days, and then a bill of lading was issued by that company to the defendant, by which the car was consigned to the Inland Steel Company at Indiana Harbor. The plaintiff insists that the Inland Steel Company purchased it from the defendant. The defendant claims that this is not the fact; that in some way it was acting as agent for the Inland Steel Company, and that this is borne out by the language of the letter of acceptance, which has in it the words, "less 50c per ton commission to us, f.o.b. cars The Geo. W. Jackson plant." The plain construction of this letter, however, is that the commission, if such it may be called, was to be paid by the plaintiff, and the other parts of the letter clearly show the confirmation of

the purchase by the defendant from the plaintiff, acting in its own behalf and not for someone else.

The case was tried before the court without a jury, a finding had in favor of the plaintiff, and judgment entered upon that finding.

Most of the questions presented to us on this writ of error are questions of fact. As to those questions it is sufficient to say that we have carefully examined the record and have reached the conclusion that the weight of the evidence was with the plaintiff.

The contention of the defendant, as we understand it, is that it bought "shearings," and not "structural steel scrap." This contention is not tenable in view of the affidavit of defense. By rule 19 of the Municipal Court "every allegation of fact in any statement of claim    *    *    *    if not denied specifically or by necessary implication in the affidavit of defense    *    *    * shall be taken to be admitted except as against an infant or a lunatic." Nowhere in the affidavit of merits is it claimed as a defense that the contract between the parties was for anything other than "structural steel scrap." The testimony is conflicting as to whether the car contained something other than "structural steel scrap," and there is testimony to the effect that "shearings" are "scrap."

In effect the court found that the contract between the parties had been complied with with respect to the quality and character of the material. After a careful examination of the record we are unable to say that the conclusion so reached was erroneous.

Entertaining, as we do, this view of the case, it is unnecessary to consider many questions raised in the briefs, among others whether the defendant's act in causing a reshipment of the property to the Inland Steel Company amounted to an acceptance; whether the attempted rejection came too late; whether the fact that the defendant made no offer to return the property precludes entertainment of its present contention that the material was not in accordance with the

terms of the contract; whether, if there was an accept-
ance, it was made under a mistake of fact, etc.

We have carefully considered the question as to
alleged errors of the court in the reception of testi-
mony, and are of opinion that if errors were committed
they were harmless as being related to subjects having
nothing to do with the substantive questions of fact
raised by the statement of claim and the affidavit of
defense. The judgment will be affirmed.

*Affirmed.*